It was ruled in this case, that an attorney’s agreement to refer, binds his client, (c)

 An attorney on record is authorized (said O. J. Tilghman, in Huston v. Mitchell, 14 S. & R. 309), “ to do such things as pertain to the conducting of a suit.” He has a right to enter into a reference, but, strictly speaking, no right to make a compromise. And it was held, in the case cited, that the attorney of the plaintiff, in an action on the case to recover the purchase-money of a tract of land, had no right to enter into an agreement, by which the land was to be taken back, instead of the money. But see Lynch v. Commonwealth, 16 S. & R. 369, where it is said, that the authority of an attor *170 ney at law, with respect to the business of his client, is more extensive in this state than in others, and that’ “ the attorney is, ir i some degree, the agent as well as lawyer of the plaintiff,” and it was adjudged, that his authority did not cease with the judgment.[1]

 An attorney has power to refer his client’s cause to arbitrators, with an agreement that their award shall be final. Wilson v. Young, 9 Penn. St. 101. So, he may enlarge the jurisdiction of arbitrators, appointed under the compulsory arbitration law, to all matters in variance between the parties, and waive the right of appeal. Bingham v. Guthrie, 19 Penn. St. 418. An attorney has power to submit a question of boundary to arbitrators chosen in the suit. Babb v. Stromberg, 14 Penn. St. 397; Rowland v. State, 58 Id. 196; Evans v. Kamphaus, 59 Id. 379. But he cannot compromise the rights of his client, by agreeing to enlarge the powers of an auditor over a claim, not within the scope of the powers originally conferred on such auditor. Willis v. Willis, 12 Penn. St. 159.